Michael L. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–96–00021–CR.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 5, 1996.

Decided Oct. 8, 1996.

---

R. Kent Phillips, Longview, for Appellant.

Ebb B. Mobley, Longview, for Appellee.

Before CORNELIUS, C.J., and GRANT, J., and T.C. CHADICK, J., (Retired), sitting by assignment.

## OPINION

GRANT, Justice.

Michael Smith appeals from the revocation of his probation. Smith brings seven points of error in which he contends that the trial court abused its discretion in finding that he had violated probation, because the evidence was insufficient to establish that he left the State of Texas or had consumed alcohol; that the trial court erred in overruling his motion to quash paragraphs 1 and 3 of the amended revocation motion, because they did not allege any date on which he left the state or consumed alcohol; and that the trial court abused its discretion in revoking his probation for failing to participate in the continuum of care program, because the trial court improperly delegated authority to the program as shown by the order of probation's failure to specify dates of attendance at the program or to require him to attend counseling sessions.

In the underlying case, Smith was convicted of the offense of forgery on June 11, 1993. He was sentenced to ten years, and the sentence was probated. The State filed an application to revoke his probation on February 20, 1996, alleging that he had violated the terms of his probation by failing to abstain from drinking alcoholic or intoxicating beverages or using marihuana, and that he had tested positive for substances of marihuana and cocaine. On April 3, 1996, the State filed an amended application for revocation alleging that he had failed to "remain within a specified place; to-wit: Maintain established residence in Gregg County, Texas. The written consent of the Court is required to change your residence from such County or to leave the State of Texas."

The motion stated that he had informed his counselor that he had left Texas and gone to Louisiana to a gambling boat without written consent of the court, that he failed to abstain from the use of cocaine or marihuana, and that he had consumed alcohol while at the gambling boat in Shreveport, Louisiana. The amended application also alleges that he failed to participate in the continuum of care program by failing to attend group sessions on specified dates.

 The State's burden of proof on a motion to revoke probation is lower than the burden of proof necessary for criminal conviction. The State need only prove that the terms of probation were violated by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993). If a court determines that the evidence was sufficient to support his conviction for the offense alleged by the State as grounds for revocation, that same evidence is obviously sufficient to support the revocation of probation. *Todd v. State*, 601 S.W.2d 718, 720 (Tex.Crim.App. [Panel Op.] 1980). In a probation revocation hearing, the discretion to either continue the defendant on probation or revoke probation rests in the trial judge. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim.App.1987). The trial court, however, is not accorded absolute discretion in the decision to revoke probation, and the court is not authorized to revoke without a showing that the probationer has violated a condition of his probation imposed by the court. *DeGay*, 741 S.W.2d at 449. Further, an order revoking probation must be based on a condition of probation imposed by the court or on a condition as modified by the court. *Id.* A trial court cannot delegate its duty and responsibility for determining the conditions of probation to the probation officer or to any other individual. *Id.*, citing *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App.1978).

Smith contends that the evidence is insufficient to support revocation of probation for leaving the state or drinking alcoholic beverages, and further argues that the court erred by overruling his motion to quash because the State's motion to revoke was insufficient to inform him of the charge levied against him.

 We first address his contention that the evidence is insufficient to support the court's finding that he had violated the terms of his probation by leaving the state and drinking alcoholic beverages. Terms of probation are treated as contractual in nature. *DeGay*, 741 S.W.2d at 449. The only evi-

dence that he violated the terms of his probation is found in the testimony of his counselor at the Continuum Care Program.

The evidence does not reveal that any of these actions occurred while he was on probation. The evidence consists of nothing more than a repetition by a counselor of Smith's statement during a counseling session that he had missed some of his counseling sessions because he was having to work long hours in order to pay off a gambling debt that he had incurred at some unspecified time previously and that when he had incurred that debt (whenever that was), he had drunk alcoholic beverages on a gambling ship in Shreveport, Louisiana.[1]

There is nothing in the record that indicates when those acts occurred. It is fundamental that a person cannot violate probation until being placed on probation. The State had the burden to prove that the violation occurred during the term of the probation. This point of error is sustained.

■ We now address his complaint that the court erred by denying his motion to quash. The lack of specificity in the State's allegations is troubling. Although allegations in a motion to revoke probation need not be stated with the same level of particularity that is required in an indictment or information, it must nevertheless fully and clearly set forth the alleged violations of probation so that the defendant might be informed of the facts against which he will be called to defend. *LaBelle v. State,* 720 S.W.2d 101, 104 (Tex.Crim.App.1986); *Davila v. State,* 794 S.W.2d 518 (Tex.App.—Corpus Christi 1990, no pet.).

The complete failure in this case to allege any semblance of a date on which the out-of-state trip to the gambling boat and consumption of alcoholic beverages occurred effectively makes it impossible for a defendant to prepare any defense.

■ We hold that the trial court erred by failing to require the State to amend its motion to reflect the charges against him so that he could adequately prepare a defense.

*LaBelle,* 720 S.W.2d at 104, *citing Garner v. State,* 545 S.W.2d 178, 179 (Tex.Crim.App. 1977). "When the allegations ... fail to fully inform the probationer, and the trial court refused to sustain an exception timely filed, the probationer is denied the rudiments of due process." *Garner,* 545 S.W.2d at 179. This point of error is sustained.

■ Smith next contends that the district court abused its discretion in revoking his probation for failing to participate in the continuum of care program because attendance at counseling was not set out as a term or condition of his probation. He also argues that the condition of probation incorporating the rules and regulations of the program constitutes an improper delegation of authority to the program. The State alleged and the district court found that Smith failed to participate in the program by failing to attend group and individual sessions on specified dates.

The term of probation that Smith was alleged to have violated as set forth by the court's order was as follows:

(16) Will participate in a drug/alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program, beginning at DEAR Recovery Center May 31, 1994.

The specific allegation in the motion to revoke was as follows:

The Defendant, Michael Layne Smith, failed to participate in the Continuum of Care, when he did not attend group sessions, as directed on January 2, January 4, January 11, January 18, January 23, and January 25; February 8, February 13, February 15, and February 22, 1996; and he did not attend Individual Counseling Sessions as scheduled January 15, January 22, and January 29, 1996. The defendant, Michael Layne Smith, was discharged unsuccessfully from the Continuum of Care

1. Tex.R.Crim. Evid. 510 provides that "[a] communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse is not admissible."

Program on the 29th day of February, 1996.

We first address Smith's contention that counseling was not specifically ordered in the terms of his probation.

Article 42.12, § 11(a)(15) of the Code of Criminal Procedure provides that the court may require a probationer to "attend counseling sessions for substance abusers or participate in substance abuse treatment services in a program or facility approved or licensed by the Texas Commission on Alcohol and Drug Abuse." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(15) (Vernon Supp. 1996). The order of probation does not mention *attendance* at drug counseling but does require his *participation* in a drug or alcohol abuse "continuum of care treatment plan."

The legislature authorized the trial court to require counseling as a disjunctive to participation in a substance abuse treatment program or facility. This, however, did not mean that counseling could not constitute a part of the treatment services. Rather, this was listed separately so that the defendant could be required to obtain counseling only and not the entire substance abuse treatment service program. The portion of Smith's contention that attending counseling was not required because it was not mentioned separately from the treatment program requirement is overruled.

Smith's other argument under this point is that the trial court improperly delegated authority to the program by the failure of the order of probation to specify dates of attendance at the program.

The same question was raised in *Salmons v. State,* 571 S.W.2d 29, 30 (Tex.Crim.App. 1978). The court held that there was a clear distinction between rules imposed by a treatment facility (in the *Salmons* case, a custodial treatment facility) in furtherance of its rehabilitation function and the conditions of probation. The court held that a condition of probation for such treatment carried with it a certain degree of discretion with regard to the conduct of the probationer in order for the facility to be successful in its rehabilitative efforts. The court held that in ordering a probationer to obey the rules and regula-

tions of a community-based facility, the trial court does not thereby improperly delegate to the facility the authority to specify the terms of probation.

In the present case, Smith was ordered to begin a treatment plan developed by the Texas Commission on Alcohol and Drug Abuse beginning at the DEAR Recovery Center on May 31, 1994. The trial court is not required to include within its order of probation every date of counseling that might be scheduled, but the court did specifically require Smith to follow the rules and regulations of the treatment plan developed by the Commission. A part of that plan was for Smith to participate in group sessions and individual counseling sessions. The evidence showed that he failed to attend a significant number of those sessions and was discharged unsuccessfully from the program. This was not an improper delegation of the court's authority, and Smith's failure to participate and abide by the rules and regulations of the treatment plan constituted a violation of the terms of his probation. When the State's proof of any of the alleged violations of probation is sufficient to support a revocation of probation, the revocation should be affirmed. *Hendley v. State,* 783 S.W.2d 750, 752 (Tex. App.—Houston [1st Dist.] 1990, no pet.).

We find that the trial court did not abuse its discretion in revoking the defendant's probation, and the judgment of the trial court is affirmed.

STARR, J., not participating.