NO. 07-00-0455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2001

______________________________

GILBERT CAVAZOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 32,132-B; HONORABLE BILL SHEEHAN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In one issue, appellant Gilbert Cavazos, Jr. contends the trial court abused its discretion in revoking probation on his sentence of indecency with a child and sentencing him to seven years confinement in the Institutional Division of the Department of Criminal Justice.  For the reasons set forth, we affirm the judgment of the trial court.

In 1994, appellant was tried for the offense of aggravated sexual assault and found guilty by a jury of the lesser-included offense of indecency with a child.  He was sentenced to ten years in the Institutional Division of the Department of Criminal Justice, which was probated.  In September 1999, appellant was ordered to participate in an intensive supervision program after having contact with someone he knew was a convicted felon.  Then, on February 7, 2000, a motion to revoke probation was filed on the basis that appellant had failed to pay probation fees and make payments toward his fine and had been terminated from his sex offender treatment program on December 28, 1999.  At the hearing on the motion to revoke probation, the State waived the violations of appellant’s failure to make payments towards his probation fees and fine and proceeded only on the violation of the 20th condition of his probation, which was to participate in “sex offender’s treatment at the direction of CSCD.”  

Dr. Gerald Rogers, a registered sex offender treatment provider, testified that appellant was in a highly specialized treatment program due to his delayed development, but had difficulty following program requirements.  He was terminated for consistently failing to schedule case review appointments as required.  In five years, appellant had only two case reviews when he should have had one every three months.  He also should have had at least ten polygraph exams but had not taken any such exams.  Additionally, he was $1030 behind in payments for the treatment.  The reason for appellant’s failure to schedule polygraph exams was his inability to pay for them.  Appellant also failed to pay for his treatment since he could not maintain employment because he was uncooperative with his supervisors or co-workers.  Finally, Dr. Rogers testified without objection that appellant had direct contact with minor children without an approved supervisor being present, which violated a contract he signed with the treatment program.  That contact occurred when appellant went to his mother’s house for Thanksgiving and hugged and kissed his brother’s children.
(footnote: 1)    

Appellant argues that his failure to pay for treatment and polygraph exams was due to his inability to find a job and thus, his inability to pay is a valid defense.  Furthermore, he contends that the terms of his probation only require that he have no unsupervised contact with any child under the age of 18.  Because adults were present at Thanksgiving and he stayed and ate his meal in a separate room, the terms of his probation were not violated.  Therefore, he concludes, the court abused its discretion in revoking his probation. 

As noted, the standard by which we review probation revocations is whether the trial court abused its discretion in revoking the probation.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).  In conducting that review, we examine the evidence in the light most favorable to the trial court’s ruling.  
Garret v. State
, 619 S.W.2d 172, 174 (Tex.Crim. App. 1981).  The inability to pay restitution, probation fees, court costs, etc. is an affirmative defense that must be proven by appellant by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon Supp. 2001);  
Stanfield v. State
, 718 S.W.2d 734, 737-38 (Tex.Crim.App. 1986).  

Inasmuch as the State did not attempt to prove the failure to pay probation fees or a fine as a violation of appellant’s probation, those non-payment infractions are relevant only as they relate to the reasons for appellant’s termination from the sex offender program.  The terms of appellant’s probation required him to “participate” in sex offender treatment as directed by the Community Supervision and Corrections Department.  In that connection, Dr. Rogers testified that he was not aware of any other program in the area that provided treatment for those with learning problems or were developmentally slow.  There was also testimony from appellant’s probation officer that she was not aware of any residential treatment centers or outpatient centers in this area that treat persons such as appellant.   

It has been held that ordering a probationer to obey rules and regulations of a community-based treatment facility as part of the terms and conditions of his probation does not improperly delegate to that facility the authority to specify the terms of probation. 
Salmons v. State
, 571 S.W.2d 29, 30 (Tex.Crim.App. 1978); 
Smith v. State
, 932 S.W.2d 279, 283 (Tex.App.--Texarkana 1996, no pet.).  While the terms of appellant’s probation did not specifically order him to obey all terms and conditions of his sex offender program, he was required to participate in such a program.  Thus, while an isolated or technical infraction of one or even several rules of the program may not constitute a violation of his probation, neither is a probationer free to pick and choose at will which of rules of the program he will follow or which activities he will attend and still be constructively participating in the program.   Likewise, we are not aware of any legal requirement for Dr. Rogers to retain a probationer in his program whom he determines 
not to be substantially fulfilling the requirements of the program. 

The evidence shows that appellant missed some of his weekly appointments and failed to schedule the majority of his case reviews, which were intended to give Dr. Rogers the opportunity to go over his file with appellant and to review his progress and homework assignments.  Further, appellant violated the requirement that he was not to have contact with children, either direct or indirect, unless the contact had been approved by the treatment program.  In 1995, appellant had been approved to be around one child for a brief supervised period of time if he was living at home with his mother and she had been trained to be a supervisor. 

 Dr. Rogers testified the purpose of the required training is to teach prospective supervisors about high-risk situations, relapse prevention techniques, the type of thinking of sex offenders, and the closer supervision required for developmentally delayed offenders.  However, the evidence showed that appellant was no longer living with his mother and, for whatever reason, she had failed to maintain contact and training with the treatment program as necessary to retain her status as an approved supervisor.  Therefore, when appellant had physical contact with his nephews and nieces during Thanksgiving, none of the adults present was a supervisor approved by the treatment program.  While not a violation of the terms of his probation, which required only that he have no unsupervised contact with a child under the age of 18, this was a violation of the terms of his treatment program.  Moreover, the evidence showed appellant’s inability to make payments for treatment and polygraph exams was not the result of his inability to get a job, but the result of his inability to retain a job due to conflicts with supervisors and co-workers.   Additionally, we note  Dr. Rogers’s testimony that appellant is a high risk to the community without extremely close supervision.   

The trial judge is the sole trier of the facts at a revocation hearing and it is his duty to resolve conflicts in the evidence. 
Houlihan v. State
, 551 S.W.2d 719, 723 (Tex.Crim. App.), 
cert. denied
, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977).  In reviewing the testimony in the light most favorable to the trial court’s ruling with respect to appellant’s alleged infractions of the rules of his sex offender treatment program, we cannot say that the trial court abused its discretion in finding that appellant’s omissions and lapses as a whole constituted a failure to participate in the  program.  Appellant’s issue is overruled and the judgment of the trial court is affirmed.  

John T. Boyd

 Chief Justice

Do not publish.  

FOOTNOTES
1:
A probation violation report in the clerk’s record indicates that appellant’s conviction was related to sexual contact with a three-year-old male family member.