NO. 07-09-0197-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 8, 2010

_____

MICHAEL R. MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,347; HONORABLE BRAD UNDERWOOD, JUDGE

_____

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2006, following a plea of guilty to the offense of aggravated assault with a deadly weapon in Cause No. 2005-409,347, Appellant, Michael R. Martinez, was placed on deferred adjudication community supervision for a term of eight years. In 2007, the State filed a motion to proceed alleging multiple violations of the conditions of Appellant's community supervision, including the commission of the offense of "Injury to

a Child" on July 5, 2007.[1]  Arising out of the July 5 incident, Appellant was subsequently charged with the offense of aggravated assault[2] in Cause No. 2008-419,983, and on May 4, 2009, Appellant proceeded to a jury trial on a plea of "not guilty." Simultaneously with the jury trial in Cause No. 2008-419,983, Appellant entered a plea of not true to the State's motion to proceed in Cause No. 2005-409,347.  The jury trial resulted in a "not guilty" verdict; however, after hearing additional testimony on the alleged violations of community supervision, the court adjudicated Appellant guilty of the offense charged in Cause No. 2005-409,347 and assessed punishment at twenty years confinement.

Presenting three issues, Appellant asserts the trial court abused its discretion when it revoked his community supervision because:  (1) the State failed to prove by a preponderance of evidence that he committed the offense alleged in the motion to proceed (i.e., injury to a child); (2) he was indigent and unable to make required payments; and (3) although he failed to complete programs required by the order for

---

[1]The State's motion to proceed alleged that Appellant willfully and intentionally violated the conditions of his community supervision by:  (1) committing the offense of "Injury to a Child" on July 5, 2007; (2) failing to avoid injurious or vicious habits by demonstrating a history and consistent pattern of assaultive behavior, to-wit: he "committed a subsequent Assault/Injury to a Child on 07/05/07"; (3) failing to pay community supervision fees for a period of months; (4) failing to make required restitution payments; (5) failing to attend and complete counseling deemed necessary by his community supervision officer; and (6) failing to successfully complete individual anger counseling.  The State never specifically pled the elements of the offense of "Injury to a Child" or "Assault/Injury to a Child."  *See* Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2009).

[2]The indictment alleged that "on or about July 5, 2007, [Appellant] did then and there intentionally, knowingly and recklessly cause serious bodily injury to Thristen [last name omitted] by striking the said [victim], who then and there was a member of the defendant's household or family, and did then and there use a deadly weapon, to-wit: the exact description of which is unknown to grand jurors, that in its manner of use or intended use was capable of causing death and serious bodily injury."  *See* Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2009).

2

deferred adjudication, there was still sufficient time remaining on his term of community supervision to complete the programs. We affirm.

## Adjudication Hearing

Shortly after receiving the jury's "not guilty" verdict in Cause No. 2008-419,983, the trial court held a hearing to adjudicate Appellant's guilt in Cause No. 2005-409,347. The trial court announced, without objection, that it would "take into consideration all of the evidence presented in the jury trial." Afterwards, both parties stated they were ready to commence the proceedings.

Patricia Acosta testified to the facts giving rise to the original offense charged in Cause No. 2005-409,347. She testified that in May 2005, while she was at Appellant's house to pick up her son following visitation, he grabbed her cell phone as she was calling her family to check in, broke the phone, and tore her shirt off as she was running away. Appellant then took her car keys and told her, that if she wanted her son, she would go into his house. After she went into the house, Appellant told her that he was going to kill her and keep her son. He then threatened her with a knife, punched her in the stomach, got atop her, and held a knife to her throat. Afterwards, he forced her and her son into a car and drove them to a park where he threatened to kill her if she did not come back to him. Eventually, she told him she would come back to him and he drove them back to his house. When they pulled into the driveway, her family pulled in behind them. Patricia grabbed her son and ran to her family. Thereafter, the police arrived.

Joanie Jones, Appellant's community supervision officer, testified that, including the commission of the offense alleged to have occurred on July 5, 2007, Appellant

3

exhibited a pattern of behavior for continued violence. She testified Appellant failed to pay community supervision fees and restitution for a number of months when he was employed and had six hundred dollars in disposable income each month. She also testified that he blamed others for his noncompliance and aggressive behaviors. Although he was referred to anger counseling twice for specific classes, she testified he failed to complete either class and generally resisted participating in any counseling. She further testified Appellant failed to attend a budgeting class as directed. These infractions continued despite multiple supervision conferences and an administrative hearing intended to obtain Appellant's compliance with the requirements of his deferred adjudication order.

Appellant did not testify on his own behalf or present any evidence.[3] The trial court subsequently granted the State's motion finding, in pertinent part, as follows:

> [T]he State proved by a preponderance of the evidence that defendant committed the offense of injury to a child; . . . , defendant failed to pay his supervision fees as alleged; . . . , failed to pay restitution as alleged; . . . , failed to maintain and complete any drug, alcohol or any other program as directed and deemed necessary, failed to pay for, attend and successfully complete individual anger counseling.

---

[3]Appellant presented no evidence or financial information to support his claim that he was unable to make the required payments even though he was employed and earned enough to have six hundred dollars a month in disposable income. *See Jimerson v. State*, 957 S.W.2d 875, 878 (Tex.App.--Texarkana 1997, no pet.). Where a defendant does not testify or otherwise rebut the State's evidence of his ability to pay or present any justification for non-payment, an inference of intentional non-payment exists. *Jackson v. State*, 915 S.W.2d 104, 107 (Tex.App.--San Antonio 1996, no pet.). Further, even if there may be sufficient time left in Appellant's term of community supervision to complete counseling and anger management classes, the uncontroverted evidence shows Appellant consistently resisted participation in such classes and failed to "[a]ttend and complete any drug, alcohol, or any other program as directed and deemed necessary by [his] Supervision Officer." *See Smith*, 932 S.W.2d at 282-83.

The trial court also found Appellant used a deadly weapon in the commission of the offense and then sentenced him to twenty years confinement. This appeal followed.

**Discussion**

Although Appellant acknowledges in his brief that the trial court properly took judicial notice of the evidence introduced in his criminal trial at his subsequent adjudication hearing, he asserts the trial court abused its discretion by finding the State proved the offense of injury to a child by a preponderance of evidence when the State introduced no independent evidence of that offense during the trial or adjudication hearing. In the alternative, Appellant asserts that, even if there was some evidence supporting the trial court's finding, the evidence was legally insufficient.

Appellant also asserts the trial court abused its discretion by proceeding to adjudication when there was insufficient evidence introduced by the State to show he was able to make required payments and there was sufficient time remaining in his community supervision term for him to complete any necessary programs he had failed to complete.

**Standard of Review**

On violation of a condition of community supervision imposed under an order of deferred adjudication, a defendant is entitled to a hearing limited to the determination of whether the trial court should proceed with an adjudication of guilt on the original charge under section 21 of article 42.12 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon 2006). *See Antwine v. State*, 268 S.W.3d

5

634, 636 (Tex.App.--Eastland 2008, pet. ref'd). "This hearing is neither a criminal nor a civil trial, but is rather an administrative hearing." *Wilkins v. State*, 279 S.W.3d 701, 703 (Tex.App.--Amarillo 2007, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993)).

As such, the State's burden on a motion to revoke community supervision is lower than the burden of proof necessary for criminal conviction. *Smith v. State,* 932 S.W.2d 279, 281 (Tex.App.--Texarkana 1996, no pet.). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the condition(s) of community supervision; *Cobb*, 851 S.W.2d at 873; and satisfies this burden "when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the [State's] motion." *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.--Houston [14th Dist.] 1999, no pet.) (citing *Battle v. State*, 571 S.W.2d 20, 21-22 (Tex.Crim.App. 1978)).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)). Further, in determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling; *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979), while recognizing that "[t]he trial court is the sole judge of the credibility of witnesses and the weight given to their testimony." *Antwine*, 268 S.W.3d at 636 (citing *Cardona*, 665 S.W.2d at 493).

**Analysis**

At the outset we note that a finding of a single violation of community supervision is sufficient to support revocation. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon 2006); *Antwine*, 268 S.W.3d at 636 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980)). *See Coffel v. State*, 242 S.W.3d 907, 909 (Tex.App.--Texarkana 2007, no pet.); *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex.App.--Dallas 2005, no pet.). Based upon the evidence presented, we find the trial court did not err in revoking Appellant's deferred adjudication community supervision because the State proved by a preponderance of evidence that Appellant failed to make required payments and complete scheduled counseling/anger management classes as required under the applicable order of deferred adjudication.

Appellant's second and third issues are overruled. Our ruling on Appellant's second and third issues pretermits issue one. *See* Tex. R. App. P. 47.1; *Smith,* 932 S.W.2d at 283; *Ex parte Brown,* 875 S.W.2d 756, 761 (Tex.App.--Fort Worth 1994, no pet.).

**Conclusion**

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

7