NO. 07-09-0197-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 SEPTEMBER 8, 2010



 

 



 

 

MICHAEL R. MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 364TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2005-409,347; HONORABLE BRAD UNDERWOOD, JUDGE



 

 



 

 

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            In 2006,
following a plea of guilty to the offense of aggravated assault with a deadly
weapon in Cause No. 2005-409,347, Appellant, Michael R. Martinez, was
placed on deferred adjudication community supervision for a term of eight
years.  In 2007, the State filed a motion
to proceed alleging multiple violations of the conditions of Appellant's
community supervision, including the commission of the offense of "Injury
to a Child" on July 5, 2007.[1]  Arising out of the July 5 incident, Appellant
was subsequently charged with the offense of aggravated assault[2]
in Cause No. 2008-419,983, and on May 4, 2009, Appellant proceeded to a jury
trial on a plea of "not guilty." 
Simultaneously with the jury trial in Cause No. 2008-419,983, Appellant
entered a plea of not true to the State's motion to proceed in Cause No.
2005-409,347.  The jury trial resulted in
a "not guilty" verdict; however, after hearing additional testimony
on the alleged violations of community supervision, the court adjudicated
Appellant guilty of the offense charged in Cause No. 2005-409,347 and assessed
punishment at twenty years confinement. 

            Presenting three issues, Appellant
asserts the trial court abused its discretion when it revoked his community
supervision because:  (1) the State
failed to prove by a preponderance of evidence that he committed the offense
alleged in the motion to proceed (i.e., injury to a child); (2) he was indigent
and unable to make required payments; and (3) although he failed to complete
programs required by the order for deferred adjudication, there was still
sufficient time remaining on his term of community supervision to complete the
programs.  We affirm.

Adjudication Hearing

Shortly after receiving the jury's
"not guilty" verdict in Cause No. 2008-419,983, the trial court held
a hearing to adjudicate Appellant's guilt in Cause No. 2005-409,347.  The trial court announced, without objection,
that it would "take into consideration all of the evidence presented in
the jury trial."  Afterwards, both
parties stated they were ready to commence the proceedings.

            Patricia Acosta testified to the
facts giving rise to the original offense charged in Cause No.
2005-409,347.  She testified that in May
2005, while she was at Appellant's house to pick up her son following
visitation, he grabbed her cell phone as she was calling her family to check in,
broke the phone, and tore her shirt off as she was running away.  Appellant then took her car keys and told
her, that if she wanted her son, she would go into his house.  After she went into the house, Appellant told
her that he was going to kill her and keep her son.  He then threatened her with a knife, punched
her in the stomach, got atop her, and held a knife to her throat.  Afterwards, he forced her and her son into a
car and drove them to a park where he threatened to kill her if she did not
come back to him.  Eventually, she told
him she would come back to him and he drove them back to his house.  When they pulled into the driveway, her
family pulled in behind them.  Patricia
grabbed her son and ran to her family. 
Thereafter, the police arrived.  

            Joanie
Jones, Appellant's community supervision officer, testified that, including the
commission of the offense alleged to have occurred on July 5, 2007, Appellant
exhibited a pattern of behavior for continued violence.  She testified Appellant failed to pay
community supervision fees and restitution for a number of months when he was
employed and had six hundred dollars in disposable income each month.  She also testified that he blamed others for
his noncompliance and aggressive behaviors. 
Although he was referred to anger counseling twice for specific classes,
she testified he failed to complete either class and generally resisted
participating in any counseling.  She
further testified Appellant failed to attend a budgeting class as directed.  These infractions continued despite multiple
supervision conferences and an administrative hearing intended to obtain
Appellant's compliance with the requirements of his deferred adjudication
order.

            Appellant did not testify on his own
behalf or present any evidence.[3]  The trial court subsequently granted the
State's motion finding, in pertinent part, as follows:

[T]he State proved by a preponderance of the evidence
that defendant committed the offense of injury to a child; . . . , defendant
failed to pay his supervision fees as alleged; . . . , failed to pay
restitution as alleged; . . . , failed to maintain and complete any drug,
alcohol or any other program as directed and deemed necessary, failed to pay
for, attend and successfully complete individual anger counseling. 

 
          The trial court also
found Appellant used a deadly weapon in the commission of the offense and then
sentenced him to twenty years confinement. 
This appeal followed.

Discussion

            Although Appellant acknowledges in
his brief that the trial court properly took judicial notice of the evidence
introduced in his criminal trial at his subsequent adjudication hearing, he
asserts the trial court abused its discretion by finding the State proved the
offense of injury to a child by a preponderance of evidence when the State
introduced no independent evidence of that offense during the trial or
adjudication hearing.  In the
alternative, Appellant asserts that, even if there was some evidence supporting
the trial court's finding, the evidence was legally insufficient.  

            Appellant
also asserts the trial court abused its discretion by proceeding to
adjudication when there was insufficient evidence introduced by the State to
show he was able to make required payments and there was sufficient time
remaining in his community supervision term for him to complete any necessary
programs he had failed to complete.

Standard of Review

            On violation of a condition of
community supervision imposed under an order of deferred adjudication, a
defendant is entitled to a hearing limited to the determination of whether the
trial court should proceed with an adjudication of guilt on the original charge
under section 21 of article 42.12 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann.
art. 42.12, § 21 (Vernon 2006).  See Antwine v. State, 268 S.W.3d 634, 636
(Tex.App.--Eastland 2008, pet. ref'd). 
"This hearing is neither a criminal nor a civil trial, but is
rather an administrative hearing."  Wilkins v. State, 279
S.W.3d 701, 703 (Tex.App.--Amarillo 2007, no pet.) (citing
Cobb v. State, 851 S.W.2d 871, 873
(Tex.Crim.App. 1993)). 

            As
such, the State's burden on a motion to revoke community supervision is lower
than the burden of proof necessary for criminal conviction.  Smith v. State, 932 S.W.2d 279, 281 (Tex.App.--Texarkana 1996, no
pet.).  The State has the burden
of showing by a preponderance of the evidence that the defendant committed a
violation of the condition(s) of community supervision; Cobb, 851 S.W.2d at 873; and satisfies this burden "when the
greater weight of credible evidence before the court creates a reasonable
belief that it is more probable than not that a condition of probation has been
violated as alleged in the [State's] motion."  Joseph v. State, 3 S.W.3d 627, 640 (Tex.App.--Houston [14th Dist.]
1999, no pet.) (citing Battle v. State, 571 S.W.2d 20, 21-22 (Tex.Crim.App. 1978)). 

            Our review of an order revoking
community supervision is limited to determining whether the trial court abused
its discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) (citing Cardona v. State, 665 S.W.2d 492, 493
(Tex.Crim.App. 1984)).  Further, in
determining the sufficiency of the evidence to sustain a revocation, we view
the evidence in the light most favorable to the trial court's ruling; Jones v. State, 589 S.W.2d 419, 421
(Tex.Crim.App. 1979), while recognizing that "[t]he trial court is the
sole judge of the credibility of witnesses and the weight given to their
testimony."  Antwine, 268 S.W.3d at 636
(citing Cardona, 665 S.W.2d at 493).

Analysis

            At
the outset we note that a finding of a single violation of community
supervision is sufficient to support revocation.  Tex. Code Crim. Proc. Ann.
art. 42.12, § 21(b) (Vernon 2006); Antwine, 268 S.W.3d at 636
(citing Moore v. State, 605 S.W.2d
924, 926 (Tex.Crim.App. 1980)).  See Coffel v.
State, 242 S.W.3d 907, 909 (Tex.App.--Texarkana 2007, no pet.); Nurridin v. State, 154 S.W.3d 920, 924
(Tex.App.--Dallas 2005, no pet.).  Based
upon the evidence presented, we find the trial court did not err in revoking
Appellant's deferred adjudication community supervision because the State
proved by a preponderance of evidence that Appellant failed to make required
payments and complete scheduled counseling/anger management classes as required
under the applicable order of deferred adjudication.

            Appellant's
second and third issues are overruled. 
Our ruling on Appellant's second and third issues pretermits
issue one.  See Tex.
R. App. P. 47.1; Smith, 932 S.W.2d at 283; Ex parte Brown, 875 S.W.2d 756, 761
(Tex.App.--Fort Worth 1994, no pet.). 

Conclusion

            The trial
court's judgment is affirmed.  

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice  

 

Do not publish.











[1]The State's motion to proceed alleged that Appellant
willfully and intentionally violated the conditions of his community
supervision by:  (1) committing the
offense of "Injury to a Child" on July 5, 2007; (2) failing to avoid
injurious or vicious habits by demonstrating a history and consistent pattern
of assaultive behavior, to-wit: he "committed a subsequent Assault/Injury
to a Child on 07/05/07"; (3) failing to pay community supervision fees for
a period of months; (4) failing to make required restitution payments; (5)
failing to attend and complete counseling deemed necessary by his community
supervision officer; and (6) failing to successfully complete individual anger
counseling.  The State never specifically
pled the elements of the offense of "Injury to a Child" or "Assault/Injury
to a Child."  See Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2009).





[2]The
indictment alleged that "on or about July 5, 2007, [Appellant] did then
and there intentionally, knowingly and recklessly cause serious bodily injury
to Thristen [last name omitted] by striking the said [victim], who then and
there was a member of the defendant's household or family, and did then and
there use a deadly weapon, to-wit: the exact description of which is unknown to
grand jurors, that in its manner of use or intended use was capable of causing
death and serious bodily injury."  See Tex. Penal Code Ann. § 22.02 (Vernon
Supp. 2009).  





[3]Appellant
presented no evidence or financial information to support his claim that he was
unable to make the required payments even though he was employed and earned
enough to have six hundred dollars a month in disposable income.  See Jimerson v. State, 957 S.W.2d 875,
878 (Tex.App.--Texarkana 1997, no pet.). 
Where a defendant does not testify or otherwise rebut the State's
evidence of his ability to pay or present any justification for non-payment, an
inference of intentional non-payment exists. 
Jackson v. State,
915 S.W.2d 104, 107 (Tex.App.--San Antonio 1996, no pet.).  Further, even if there may be sufficient time
left in Appellant's term of community supervision to complete counseling and
anger management classes, the uncontroverted evidence shows Appellant
consistently resisted participation in such classes and failed to "[a]ttend and complete any drug, alcohol, or any other program
as directed and deemed necessary by [his] Supervision Officer."  See
Smith, 932 S.W.2d at 282-83.