

NUMBER 13-10-215-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JEREMY JOE MORENO,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion by Justice Vela

Appellant, Jeremy Joe Moreno, appeals from an order revoking his community supervision, adjudicating him guilty of sexual assault, sentencing him to ten years' imprisonment, and assessing a fine of $1,500. *See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2010). By four issues, appellant complains that: (1) his due process rights

were violated because he was not admonished regarding his right to confront and cross-examine witnesses, to produce witnesses and documentary evidence on his behalf, to be free from self-incrimination, and to testify on his own behalf; (2) the trial court failed to adjudicate guilt in open court; (3) the trial court abused its discretion in adjudicating guilt, revoking community supervision, and assessing punishment; and (4) the trial court imposed a sentence that was grossly disproportionate to the offense. We affirm.

## I. PROCEDURAL HISTORY

On May 10, 2002, appellant was indicted for the offense of sexual assault of a child. Appellant was eighteen years old at the time of the offense, and the victim was fifteen years old. Appellant was placed on deferred adjudication community supervision for ten years pursuant to a plea agreement. *See* TEX. PENAL CODE ANN. § 22.011. On December 19, 2002, the State filed a motion to revoke, alleging that appellant had failed to report to his probation officer two times a month during October 2002 and November 2002. On July 18, 2003, the trial court continued appellant on community supervision, did not adjudicate him guilty, sanctioned him to 120 days in jail, sixty days of home confinement, and required him to participate in a substance abuse recovery program.

On January 2, 2009, the trial court amended appellant's conditions of community supervision, requiring him to submit to ten days' confinement in jail. This was done without a motion to revoke being filed. On September 11, 2009, the State filed a motion to revoke, alleging that appellant failed to: (1) report to the probation officer twice per month in May, June, July and August 2009; (2) complete a sexual offender group therapy program; (3) submit to a polygraph examination; (4) pay supervision fees; and (5) pay restitution that had been ordered.

On March 3, 2010, the State amended the motion to revoke adding an allegation that appellant had been found guilty of failing to comply with the sex offender registration requirements. Appellant pleaded "true" to the allegations in the motion to revoke community supervision. The trial court accepted the plea and found the allegations to be true. A written order adjudicating appellant's guilt is contained in the record.

## II. STANDARD OF REVIEW

When there has been a violation alleged of a condition of community supervision imposed under an order of deferred adjudication, a defendant is entitled to a hearing limited to the determination of whether the trial court should proceed with an adjudication of guilt on the original charge under section 21 of article 42.12 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon 2006); *See Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd). The State's burden on a motion to revoke community supervision is lower than the burden of proof necessary for criminal conviction. *Smith v. State,* 932 S.W.2d 279, 281 (Tex. App.–Texarkana 1996, no pet.). The State must show, by a preponderance of the evidence, that the defendant committed a violation of the conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App.1993). This burden is met "when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the [State's] motion to revoke." *Joseph v. State,* 3 S.W.3d 627, 640 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (citing *Battle v. State,* 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978)).

We review of an order revoking community supervision for abuse of discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Further, in determining the sufficiency of the

evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling; *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), while recognizing that "[t]he trial court is the sole judge of the credibility of witnesses and the weight given to their testimony." *Antwine,* 268 S.W.3d at 636 (citing *Cardona,* 665 S.W.2d at 493). Pleas of true, alone, support the revocation of defendant's community supervision. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.).

### III. ANALYSIS

By appellant's first issue, he urges that he was not admonished concerning his right to confront and cross-examine witnesses, to produce witnesses and documentary evidence on his behalf, to be free from self-incrimination, and to testify on his own behalf.

The record reflects that appellant signed a judicial confession and stipulation in which he said that he waived his right to confront and cross-examine witnesses and his right to be free from self-incrimination. At the beginning of the hearing on the motion to revoke community supervision, the trial court interrogated appellant with regard to whether appellant understood the consequences to pleading "true" to the allegations in the State's motion. Appellant said that he understood and was pleading true because the allegations were true. The trial court also advised appellant that if he pleaded "not true," the State would have to prove its case. Regardless, appellant was allowed to testify at the hearing and his counsel called a witness on his behalf, who testified that appellant should be allowed to continue on probation. There is nothing in the record to suggest that appellant's signing of a "Stipulation and Judicial Confession" was anything other than voluntary. We overrule appellant's first issue.

By appellant's second issue, he complains that the trial court failed to announce, in open court, that it was adjudicating appellant guilty for the underlying charge. At the

hearing, the trial court told appellant that if it adjudicated him it would have to send him to prison. The trial court told appellant, "if I find you guilty here today of this crime instead of leaving you on deferred probation I'd have to adjudicate you and send you to prison. . . ." Appellant told the trial court that he understood. The trial court further cautioned appellant that there were no deals in these types of cases. At the end of the hearing, the trial court said that it was revoking appellant's community supervision and sentencing appellant to ten years in prison.

The trial court's written order adjudicating guilt and sentencing appellant comports with his oral pronouncement. Even if the trial court's language did not equate to an oral pronouncement, a written judgment is valid even in the absence of an express oral pronouncement of guilt by the trial court. *Sanchez v. State,* 222 S.W.3d 85, 88 (Tex. App.–Tyler 2006, no pet.); *Parks v. State*, 960 S.W.2d 234, 238 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (citing *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App.1978)). We overrule appellant's second issue.

By his third issue, appellant complains that the trial court abused its discretion in adjudicating guilt and revoking his community supervision. There was conflicting evidence before the trial court. On one hand, the trial court was aware that the victim in this case considered herself appellant's girlfriend at the time of the offense and appellant had been on probation for eight years in sex offender status. He graduated from high school, obtained a music scholarship, and he worked. The trial court heard that appellant had some problems with drugs when he was nineteen and received treatment and is now drug free.

Appellant explained to the trial court that, some time during the previous year, he had lost his job and his home. He admitted that he stopped registering as a sex offender.

5

He was charged with failure to register, convicted, and was sentenced to two years' probation for that offense. He also testified that he failed to report to the probation department.

On cross-examination, the State pointed out that appellant was in court in 2003 for similar violations. Appellant knew he was supposed to report, but did not. Appellant agreed that he had committed a new felony for failing to register as a sex offender. Documentation of appellant's various violations also appear in the record.

The trial court heard the evidence and was in the best position to judge the demeanor and credibility of the witnesses. *See Antwine*, 268 S.W.3d at 636. We will not disturb the court's discretionary ruling. *See id.* We overrule issue three.

By his fourth issue, appellant argues that the sentence is grossly disproportionate to the offense. Appellant did not object to his sentence in the trial court. His attorney requested at the hearing that he be continued on deferred adjudication. Additionally, appellant did not file any post-trial motions or objections complaining that his sentence was either disproportionate to the seriousness of the offense, or complaining about the disparity, cruelty, unusualness or excessiveness of the sentence. We first note that appellant's sentence falls within the sentencing guidelines set forth in the penal code. *See Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Eighth Amendment is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. See U.S. Const. amend. XIV, *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme

6

sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

Moreno's ten year sentence falls within the punishment range for a second degree felony. TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010). While Moreno argued for leniency at the hearing, he made no objection to his sentence to the trial court either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, appellant has waived error. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino*, 174 S.W.3d at 927-28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). We overrule appellant's fourth issue.

## IV. Conclusion

Having overruled all of appellant's issues, we affirm appellant's conviction.

ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
14th day of October, 2010.