NO. 07-11-0324-CR
NO. 07-11-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 16, 2013

_____

WAYNE STEVEN PRICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NOS. 4985 & 5059; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In February 2008, following pleas of guilty to the felony offenses of possession of a controlled substance, methamphetamine,[1] and possession of child pornography,[2] in

_____

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115 (WEST 2010).

[2]TEX. PENAL CODE ANN. § 43.26 (WEST SUPP. 2012).

Cause Nos. 4985 and 5059 respectively, Appellant, Wayne Steven Price, was sentenced to eight years deferred adjudication community supervision. In January of 2011, the State filed its *Amended Motion To Adjudicate Guilt of Defendant* in each cause, alleging multiple violations of the conditions of Appellant's community supervision, including the commission of the offenses of possession of a usable quantity of marijuana in an amount of two ounces or less and possession of a controlled substance, methamphetamine, in an amount of less than one gram in Dallas County, Texas, on April 18, 2010.[3] In May 2011, Appellant proceeded to a hearing on the State's amended motions. The State elected to proceed on violations of the terms of Appellant's community supervision related to the possession and use of controlled substances and Appellant pled "not true." At the hearing's conclusion, the trial court found the State established by a preponderance of the evidence that Appellant had violated the terms and conditions of his deferred adjudication community supervision by being in possession of marijuana and methamphetamine on April 18, 2010. As to each case, the Court then revoked Appellant's community supervision, entered a finding of guilt, and assessed punishment at ten years confinement, with the two sentences to run concurrently.

Presenting four points of error, Appellant asserts the trial court abused its discretion when it revoked his community supervision because: (1) the trial court erred by permitting a polygraph examiner to testify to statements made by him regarding his drug use during a polygraph examination; the State failed to prove by a preponderance of evidence that he was (2) in possession of marijuana or (3) methamphetamine on

---

[3]The *Order Imposing Conditions of* [Appellant's] *Community Supervision* entered February 19, 2008, prohibited Appellant from committing any "offense against the laws of the State or any other State."

April 18, 2010; or (4) that he consumed methamphetamine on or about July 6, 2010. We affirm.

## STANDARD OF REVIEW

On violation of a condition of community supervision imposed under an order of deferred adjudication, a defendant is entitled to a hearing limited to the determination of whether the trial court should proceed with an adjudication of guilt on the original charge under section 12 of article 42.12 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12 (WEST SUPP. 2012). *See Antwine v. State,* 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). "Th[e] hearing is neither a criminal nor a civil trial, but is rather an administrative hearing." *Wilkins v. State,* 279 S.W.3d 701, 703 (Tex.App.—Amarillo 2007, no pet.) (citing *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993)).

As such, the State's burden on a motion to revoke community supervision is lower than the burden necessary for criminal conviction. *Smith v. State,* 932 S.W.2d 279, 281 (Tex.App.—Texarkana 1996, no pet.). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the condition(s) of community supervision; *Cobb,* 851 S.W.2d at 873, and satisfies this burden "when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the [State's] motion." *Joseph v. State,* 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.) (citing *Battle v. State,* 571 S.W.2d 20, 21-22 (Tex.Crim.App. 1978)).

3

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)). Further, in determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling; *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App. 1979), while recognizing that "[t]he trial court is the sole judge of the credibility of witnesses and the weight given to their testimony." *Antwine,* 268 S.W.3d at 636 (citing *Cardona,* 665 S.W.2d at 493).

### POINTS OF ERROR ONE AND TWO

Appellant asserts (1) the trial court erred by permitting a polygraph examiner to testify to statements made by him regarding his drug use during a polygraph examination and (2) the State's evidence was insufficient to establish by a preponderance that he possessed a usable quantity of marijuana on April 18, 2010. We disagree.

Logic dictates that we consider Appellant's second point of error first. At the revocation hearing, Officer Michael Miles of the City of Irving Police Department testified that, on April 18, 2010, he responded to a domestic call at Appellant's address. After speaking with Appellant and his roommate, Officer Miles conducted a consensual search of the apartment for narcotics. Officer Miles found no drugs in the roommate's bedroom; however, in Appellant's bedroom he found, in plain view, what he identified as a bag of methamphetamine setting on the bed and, inside a drawer of Appellant's night

4

stand, a marijuana cigarette, a pipe, spoon, and syringes.[4] He testified that his conclusions were based on his experience as a police officer and his narcotics training. He also testified he knew the room belonged to Appellant because Appellant was in the room when they entered and remained there during the search. He indicated he knocked on the bedroom door before entering, found Appellant sitting on the bed when he opened it, and "all of [appellant's] personal stuff was in [the] room." Rather than arrest Appellant, he submitted an offense report because Appellant's medical issues prevented him from being booked into jail at that time.

We note that a finding of a single violation of community supervision is sufficient to support revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (WEST SUPP. 2012); *Antwine,* 268 S.W.3d at 636 (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980)). *See Coffel v. State,* 242 S.W.3d 907, 909 (Tex.App.— Texarkana 2007, no pet.); *Nurridin v. State,* 154 S.W.3d 920, 924 (Tex.App.—Dallas 2005, no pet.). Based on the evidence presented, we find the trial court did not abuse its discretion in revoking Appellant's deferred adjudication community supervision because the State proved by a preponderance of the evidence that Appellant committed an offense against the laws of this State.[5]

---

[4]In his brief, Appellant questions whether Officer Miles had the experience or training to identify the substances. To the extent Appellant questions Officer Miles's qualifications to make such a determination, there was no objection during his testimony at the hearing based on his qualifications. Rule 33.1 of the Rules of Appellate Procedure requires, among other things, that the record show the trial court "ruled on the request, obligation, or motion, either expressly or implicitly." TEX. R. APP. P. 33.1(A)(2)(a). *See Guiterrez v. State,* 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). Further, even if the doctrine of waiver did not apply, the issue of whether Officer Miles's testimony was credible due to his experience, or lack thereof, would go to the weight of his testimony—a determination best left for the trial court. *See Antwine*, 268 S.W.3d at 636.

[5]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481,115(b), 481.121, 481.125 (WEST 2010) (illegal possession of a controlled substance, marijuana or drug paraphernalia, respectively).

In addition, no other testimony offered during the hearing, including the contested testimony of the polygraph examiner who interviewed Appellant, ever contradicted or otherwise placed Officer Miles's testimony in issue. "If, after examining the record as a whole, we determine that any error had a slight or no effect on the jury, then we will not overturn the trial court's ruling." *Neal v. State,* 256 S.W.3d 264, 284-85 (Tex.Crim.App. 2008), *cert. denied*, 555 U.S. 1154, 129 S.Ct. 1037, 173 L.Ed.2d 471 (2009). Further, "the presence of overwhelming evidence of guilt plays a determinative role" in this analysis. *Neal*, 256 S.W.3d at 285. Therefore, even assuming without deciding the trial court erred in admitting the polygraph examiner's testimony, any error would be harmless in light of Officer Miles's testimony.

Appellant's first and second points of error are overruled. Having found the trial court did not abuse its discretion in finding at least one violation of the terms and conditions of Appellant's community supervision, our ruling pretermits his remaining points. See TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.