Richard Paul **JARRETT**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–82–015–CR.

Court of Appeals of Texas, Fort Worth.

March 2, 1983.

Sullivant, Meurer & Harris and Brenda B. Rotramble, Decatur, for appellant.

Brock Smith, Dist. Atty., Decatur, for State.

Before FENDER, C.J., and BURDOCK and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

Appellant, Richard Paul Jarrett, was convicted upon his plea of guilty before a jury of aggravated sexual abuse of a child. V.T. C.A. Penal Code, § 21.05 (Supp.1982). That jury assessed Jarrett a life sentence.

We affirm.

Jarrett argues on appeal that: (1) the trial court erred in admitting testimony by the State's psychiatrist during the penalty stage of trial, and that the admission of this testimony violated Jarrett's right to counsel, (2) as well as Jarrett's right against compulsory self-incrimination; (3) the indictment is fatally defective, as it fails to track the statute and to adequately describe all of the elements of the offense; (4) sec-

tion 21.05 subjected Jarrett to cruel and unusual punishment; and (5) there was insufficient evidence adduced during the penalty stage of trial from which the jury could have justifiably assessed Jarrett a life sentence.

Jarrett gave a confession to the Wise County Sheriff on September 28, 1981. This confession indicated that: while visiting his home on leave from the United States Marine Corps, Jarrett visited a younger friend at that friend's home; and while there met the complainant and other (teenage) boys; some of whom he bought beer for, which beer they drank together; and that he ended up alone with the complaining witness in a park in Wise County. The confession details the performance of fellatio upon the complainant by Jarrett and attempted anal intercourse upon the complainant by Jarrett. Jarrett did not fully accomplish the anal intercourse because the complainant "started crying and said it hurt". Jarrett then admonished the complainant "not to tell anybody" and returned the complainant to a corner near his home. This confession was admitted into evidence, and the complainant did not testify. Jarrett did testify in his own behalf and, in substance, admitted these acts.

Jarrett then called a clinical psychologist as a witness. This psychologist testified that he had twice examined Jarrett and had administered a battery of psychological tests at those examinations. Based upon these tests, the psychologist testified that he formed the opinion that Jarrett has an "inadequate passive personality" and "ha(s) a lot of conflicts about things that are going on and feels quite helpless to do anything about it." This psychologist testified further to the effect that: Jarrett had been sexually abused by both his stepfather and grandfather, and therefore suffered from the above mentioned disorder, but that this disorder was treatable; and that had Jarrett been treated earlier for this disorder he would not have committed the instant offense; that if Jarrett was treated for this disorder "it would be highly unlikely" that he would engage in such activity again; that "I would not classify him as a homo-

sexual"; and that the instant offense occurred due to the action of the disorder "(a)nd under those circumstances, people in a very depressed state, often do things that are very—very counter to their normal thinking and to what they consider to be right and wrong"; and that "having a homosexual experience, even several of them, would not necessarily mean that an individual was a homosexual." The psychologist further testified that, although he did not know of the details of the sexual abuse of the complainant, he saw Jarrett as "pretty passive", would not expect that "it would have been a brutal attack" and "I would have expected him to stop at the least little complaint on the part of the boy." Finally, this witness testified that: he couldn't recall "someone that was—is outspoken and verbal and seem (sic) to want help as much in my understanding and perception as this man does"; that Jarrett was sincere in his desire for help and treatment; that with any treatment "I could not see it happening again"; and that "I don't see him as the kind of man that would seek out a youngster in a park or to aggressively pursue youngsters in bathrooms."

The State's psychiatrist then testified. He said that Jarrett did not have an inadequate passive personality, but rather was a sexual deviate, who would continue to pose a threat to young boys. This psychiatrist further testified that lack of motivation to actually make any sort of change was the greatest factor that results in sexual deviates remaining as deviates, and that the most common thing that occurs after a sexual deviate is caught is that they ask for help in changing their sexual habits, because they don't want to be punished. The State's psychiatrist also testified that Jarrett would very likely not complete a probated term because he would likely be caught committing a similar offense during the period of probation. He further stated that when such offenses are committed upon children, it was extremely dangerous to the emotional growth and development of such children.

Jarrett's first ground of error maintains that the trial court erred in admitting testimony by the State's psychiatrist during the penalty stage of trial, as the admission of this testimony violated Jarrett's Sixth Amendment right to counsel. His second ground of error is similarly based and asserts violation of Jarrett's Fifth Amendment rights against compelled self-incrimination. Jarrett had filed a motion for continuance which was based upon the fact that psychological testing had been performed upon Jarrett, but that the psychologist's report had not yet been completed. This report would allegedly affect certain defensive matters. The State responded to this information by its motion for psychiatric evaluation. This motion stated that the State had been informed that a psychologist had examined Jarrett for the reason that the defense of insanity or incompetency to stand trial may be raised by Jarrett. The motion therefore requested that the court appoint a disinterested qualified psychiatrist to examine Jarrett and determine his competency and sanity. A copy of this motion was personally served upon defense counsel. The trial court granted this motion and ordered that James P. Grigson examine Jarrett to determine his competency and sanity. This order is among the papers in the record, although the briefs of both counsel recite otherwise. Dr. Grigson supplied the court with a written report of the examination. This report is dated within 30 days of the court's order, but is file marked as received eight days beyond the expiration of that period. Jarrett's brief asserts that defense counsel did not receive a copy of this report from the court as required by V.A.C.C.P. art. 46.02, § 3(d) and art. 46.03, § 3(d). However, there is nothing in the record to demonstrate that assertion, hence no error is preserved for our review on appeal.[1] Although Jarrett was not warned of his constitutional

rights, and of the possible use of statements he might make during the examination, and although no notice was given defense counsel that the psychiatric examination would encompass the issue of Jarrett's future dangerousness, and although Dr. Grigson drew his conclusions largely from Jarrett's account of the crime and from other statements made by Jarrett during their interview, we find that the rationale underlying *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) does not operate upon the facts of this case. In *Estelle v. Smith, supra*, the respondent had introduced no psychiatric evidence, nor had he indicated that he might do so. Here, Jarrett offered the testimony of a clinical psychologist, as the State had correctly anticipated he would in its motion for psychiatric evaluation; and this testimony directly raised the issues of Jarrett's future dangerousness and whether Jarrett could successfully complete probation, if granted. The testimony of Dr. Grigson was therefore that of a proper rebuttal witness, and the facts of the instant case fall outside of the ambit of those of *Estelle v. Smith, supra*, and its progeny. As *Estelle v. Smith, supra*, at 472, 101 S.Ct. at 1878, states: "(A) different situation arises where a defendant intends to introduce psychiatric evidence at the penalty phase." And again,

> A criminal defendant, *who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence,* may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding. [Emphasis added.]

*Estelle v. Smith, supra*, at 468, 101 S.Ct. at 1876.

Where, as here, a defendant raises psychiatric evidence at the penalty stage, he may be required to submit to a psychiatric

---

1. Even had the record demonstrated that defense counsel had not been provided a copy of this report, counsel's brief admits that counsel did discover the report during perusal of the court's file before trial. The record does not reflect that counsel called this noncompliance with art. 46.02 and art. 46.03 to the court's attention for rectification, or that counsel applied to the court for additional time to prepare Jarrett's defense, due to its recent discovery of the psychiatric report. Under these circumstances, noncompliance with art. 46.02 and 46.-03 would be harmless error.

examination conducted by a qualified, disinterested, psychiatrist upon motion of the State and order of the trial court. *See Estelle v. Smith, supra,* at 465, 101 S.Ct. at 1874. Grounds of error one and two are overruled.

■ Jarrett's third ground of error proposes that the indictment is fatally defective in that it does not track the specific language of the statute establishing the offense, and thus fails to adequately describe all the elements of the offense. Specifically, the indictment does not allege that the victim was not the spouse of Richard Paul Jarrett. It does, however, state that the victim was "a *male* child younger than 14 years of age." [Emphasis added.] It also uses the male possessive form of "his" when it alleges that Jarrett's genitals were placed in contact with the victim's anus, and again when it alleges that Jarrett placed "his" mouth in contact with the victim's genitals. Thus, the indictment specifically included the fact that the complainant was a male, and alleged by necessary implication that Richard Paul Jarrett was also a male. Jarrett did not present a motion to quash at trial. "Because the indictment alleged that the complainant and (Jarrett) are of the same sex; and because persons of the same sex cannot be husband and wife, the indictment was sufficient, absent a motion to quash, to allege that the complainant was not (Jarrett's) spouse." *Nemecek v. State,* 621 S.W.2d 404, 407 (Tex.Cr.App.1980). *See* also *Slayton v. State,* 633 S.W.2d 934 (Tex.App.—Fort Worth 1982). We therefore overrule Jarrett's third ground of error.

■ Jarrett's fourth ground of error contends that § 21.05 subjected him to cruel and unusual punishment. Jarrett maintains that because he received a life sentence for the aggravated sexual abuse of his child victim, he was subjected to cruel and unusual punishment. A life sentence for this offense is within the range of punishment provided by the statute creating the offense. Section 21.05. "'(T)his court (sic) has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the stat-

ute the punishment is not cruel and unusual within the constitutional prohibition.'" *McNew v. State,* 608 S.W.2d 166, 174 (Tex. Cr.App.1978, reh. den.). *See* also *Johnson v. Beto,* 337 F.Supp. 1371, 1379 (S.D. Tex.,1972), *aff'd* 469 F.2d 1396. We therefore do not find that the punishment assessed Jarrett was cruel and unusual.

Ground of error four is overruled.

■ Jarrett's fifth ground of error alleges that insufficient evidence from which the jury could assess a life sentence was presented at trial. The State is under no burden of proof to present evidence during the penalty stage of a noncapital case. There cannot therefore be any question of the sufficiency of the evidence which the State chose to adduce in the instant case, other than whether there was sufficient evidence to support Jarrett's plea of guilty. Jarrett's reliance on *Garcia v. State,* 626 S.W.2d 46 (Tex.Cr.App.1981) is therefore misplaced; and we further note that our perusal of that case reveals that his counsel misperceives not only its disposition, but the facts of that case. Jarrett testified, admitting the acts which constituted the offense for which he was sentenced, and his confession was admitted at trial, and details his actions, as recited at the outset of our opinion above. The evidence was sufficient to support Jarrett's plea of guilty. Jarrett's fifth ground of error is overruled.

The judgment is affirmed.