[Covered Porch Faces The Lake]

**Weldon Paul SEALE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–142–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 4, 1986.

Norman Maples, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Delonia A. Watson, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Weldon Paul Seale appeals from the revocation of his probation. On May 11, 1983, appellant was convicted of the misdemeanor offense of driving while intoxicated and sentenced to 90 days confinement in the Tarrant County Jail and a fine of $500, probated two years. On March 19, 1985, the trial court held a hearing on the State's first amended motion to revoke probation. At the probation revocation hearing, the appellant admitted committing the following offenses on May 28, 1984, while being on probation: driving while intoxicated, for which he received and served a 28–day jail sentence; possession of a prohibited weapon (sawed-off 20 gauge shotgun), for which he received a sentence concurrent to the D.W.I. sentence; and possession of a usable amount of marihuana less than two ounces, a charge which was dismissed. Appellant also had failed to report to his probation officer for several months and allegedly had failed to pay probationary fees. The trial court revoked the probation and imposed the 90–day jail sentence but did not impose the $500 fine. In his first point of error, appellant urges that the trial court failed to consider sentencing alternatives commensurate with the evidence. In his second point of error he contends that the sentence is unconstitutional under the circumstances.

The order revoking probation is affirmed.

■ In his argument under his two points of error, appellant maintains that a jail sentence would not be conducive to his rehabilitation, and that the court should have considered his rehabilitation potential. Appellant argues, and witnesses for appellant testified, that since appellant's remarriage he has straightened himself out, has entirely quit drinking, has a steady job as a truck driver, and has a stable marriage. However, appellant has admitted under oath having violated the terms and conditions of his probation. The record also reflects that appellant was continued on probation in a probation revocation hearing held in April 1984. At that hearing appellant was warned that his probation would be revoked if another petition to revoke probation were granted. The new offenses, which form the basis of this probation revocation, were committed after the April, 1984 probation revocation hearing. In view of those circumstances, appellant's probation officer recommended revocation of appellant's probation.

Appellant argues that the trial court failed to consider alternative sentencing. As part of his probation appellant was ordered to attend and complete the Compre-

hensive Alcohol Treatment Program. Appellant first testified that he never participated in any kind of rehabilitation program, then acknowledged that he had attended two nights of some program. Further, at the time of the offense, the trial court could require a misdemeanor defendant to do community service during his probation. Act of June 13, 1979, ch. 807, sec. 1, 1979 Tex.Gen.Laws 2062. Since then this alternative has been excluded for D.W.I. defendants. Act of June 16, 1983, ch. 303, sec. 15, 1983 Tex.Gen.Laws 1568, 1594. Appellant lists no authority to support his contention that the trial court had an obligation to impose a sentence other than a jail sentence upon the violation of the terms of probation.

Finally, appellant urges that his conviction is unconstitutional under the circumstances. At the time of the commission of the offense, TEX.REV.CIV.STAT. ANN. art. 6701L–1 provided that the punishment for a first-time conviction of driving while intoxicated is "confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars." Act of June 13, 1979, ch. 682, sec. 3, 1979 Tex.Gen.Laws 1608, 1609. Appellant was sentenced to 90 days confinement in the Tarrant County Jail. His sentence, therefore, is within the range set by the legislature. A sentence which is within the statutory limit is not cruel and unusual within the constitutional prohibition. *See Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim. App.1984); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Jarrett v. State,* 647 S.W.2d 409, 413 (Tex.App.—Fort Worth 1983, no pet.).

Appellant has failed to establish how the trial court erred in assessing his punishment. We overrule appellant's points of error.

The order revoking probation is affirmed.