

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS. 02-10-00050-CR
## 02-10-00051-CR

ANTHONY MICHAEL HODGE                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Anthony Michael Hodge appeals the trial court's orders revoking his deferred-adjudication community supervision in two aggravated robbery cases and the corresponding judgments adjudicating his guilt. In one point, he alleges that the trial court abused its discretion by sentencing him to fifteen years'

---

[1]See Tex. R. App. P. 47.4.

confinement instead of reinstating his community supervision and placing him in a drug treatment rehabilitation center. We affirm.

## II. Procedural and Factual History

On October 5, 2009, Appellant pleaded guilty pursuant to a plea bargain agreement to two charges of aggravated robbery with a deadly weapon,[2] and the trial court placed him on deferred adjudication community supervision for five years in each case. On November 23, 2009, the State filed a petition to proceed to adjudication in each case, alleging that Appellant had violated the terms and conditions of his community supervision six times within five weeks of being placed on community supervision. The State alleged that Appellant illegally used a controlled substance, failed to submit a urine sample, failed to permit his probation officer to visit during a scheduled home visit, and committed three new misdemeanor offenses. At a hearing on the State's motion, Appellant pleaded "true" to all six allegations. The State rested on Appellant's pleas of true.

Appellant testified and admitted testing positive for methamphetamine three weeks after being placed on community supervision and failing to submit to a urine sample less than two weeks later because he did not want "another dirty

---

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

UA."[3]  Appellant explained that he had a "major problem" with drugs and alcohol and that,

> Before I moved up here and met my girlfriend I was living in Corpus Christi and had a steady job.  My landlord was a bounty hunter.  We did a lot of fishing and hanging out and stuff, so I didn't really get in any trouble down there in Corpus Christi.  And upon completing [drug treatment] or whatever we can work out, . . . living situations and a job and everything like that is still available for me down there.
>
> And I believe if I moved around from where I'm at[,] the want to do drugs or alcohol would be far less because I'm hanging out with older guys down there.  I'm hanging out with people who have careers and stable lifestyles instead of down here where I'm hanging out with younger people.

Appellant asked the trial court to continue his community supervision and place him in a drug treatment facility rather than send him to prison.[4]  In each case, the trial court entered findings of "true" to all but the new-offense allegations, adjudicated Appellant's guilt, and sentenced him to fifteen years in prison.

### III. Discussion

In his sole point, Appellant asserts that the trial court abused its discretion by failing to reinstate his community supervision and place him in a drug treatment rehabilitation center.  Appellant does not dispute that his pleas of true

---

[3]Although Appellant pleaded "true" at the revocation hearing to committing theft under $500 and assaulting and threatening violence against his girlfriend's sister, he testified that he did not "technically" commit these offenses.  The trial court did not find the State's new-offense allegations to be true.

[4]Appellant specifically asked the trial court to place him in a substance abuse felony punishment facility (SAFPF).

are sufficient to support the trial court's ruling; instead, he argues that the evidence at the revocation hearing "clearly indicated that [he] needed drug treatment," that the trial court was "required" to grant it, and that the trial court's failure to do so constituted an abuse of discretion.

## A. Applicable Law

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Miles v. State*, Nos. 02-09-00368-CR, 02-09-00369-CR, 2011 WL 2436769, at *3 (Tex. App.—Fort Worth June 16, 2011, no pet. h.); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking the supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Wade v. State*, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.). A finding of a single violation of community supervision is sufficient to support revocation. *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). A defendant's plea of "true" to even one allegation in the State's motion to revoke is sufficient to support the trial court's decision to adjudicate Appellant's guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see Ramos v. State*, No. 02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not designated for publication). Once sufficient

4

evidence is presented of a violation of a community-supervision condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5, 22, 23 (West Supp. 2010); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Where deferred community supervision is revoked, the trial court may generally impose any punishment authorized by statute within the statutory range. *See Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999).

## B. Analysis

While acknowledging that a trial court's revocation order is reviewed for an abuse of discretion, Appellant argues—based on language in *Smith v. State*—that the trial court is "'not accorded absolute discretion in the decision to revoke probation.'" *See* 932 S.W.2d 279, 281 (Tex. App.—Texarkana 1996, no pet.). Appellant maintains that, because the trial court could have continued or modified his community supervision and placed him in SAFPF under article 42.12, section 22(a)(4) of the code of criminal procedure, the trial court abused its discretion by failing to grant his request for drug treatment.[5] *See* Tex. Code

---

[5]In relevant part, section 22 provides,

> If after a hearing under Section 21 of this article, a judge continues or modifies community supervision after determining that the defendant violated a condition of community supervision, the judge may impose any other conditions the judge determines are

Crim. Proc. Ann. art. 42.12, § 22(a)(4). Appellant's cited authorities do not support his argument.

Appellant's citation to *Smith* is misleading as he omits the remaining explanatory language that "the court is not authorized to revoke without a showing that the probationer has violated a condition of his probation imposed by the court." 932 S.W.2d at 281. Indeed, the language in *Smith* (and similar case law) is "better reflected by the proposition that the trial court does not have discretion to terminate probation without an affirmative finding, supported by sufficient evidence, of a violation of a condition of probation." *Hays*, 933 S.W.2d at 661 (discussing two cases with language similar to *Smith*). Moreover, Appellant fails to provide authority for the proposition that article 42.12, section 22(a) limits the trial court's discretion. *See Marriott v. State*, No. 07-02-00203-CR, 2003 WL 22004084, at *1–3 (Tex. App.—Amarillo Aug. 25, 2003, pet. ref'd) (mem. op., not designated for publication). In *Marriott*, the defendant argued that the trial court abused its discretion by revoking her community supervision rather than modifying it to require intensive substance abuse counseling. *Id.* at *1. While acknowledging article 42.12, section 22(a)(4), the court of appeals noted:

> appropriate, including . . . the placement of the defendant in a substance abuse felony punishment program . . . if . . . drug or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision; and . . . the defendant is a suitable candidate for treatment . . . .

*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(4)(B)(i)-(ii).

6

> Appellant cites *Ice v. State*, 914 S.W.2d 694 (Tex. App.—Fort Worth 1996, no pet.), in which the defendant appealed the trial court's judgment requiring him to participate in an SAFPF. While *Ice* may stand for the proposition that a defendant's desire not to participate in an SAFPF does not preclude its imposition as a condition of community supervision, it does not support a contention that the court must honor a defendant's expressed desire to participate in such a program.

*Id.* at *2; *see Seale v. State*, 721 S.W.2d 590, 592 (Tex. App.—Fort Worth 1986, no pet.) ("Appellant lists no authority to support his contention that the trial court had an obligation to impose a sentence other than a jail sentence upon the violation of the terms of probation.").

Here, Appellant pleaded "true" to all six alleged violations and admitted during testimony that he violated three community-supervision conditions. Thus, the evidence is sufficient to support the trial court's revocation orders notwithstanding Appellant's offer of mitigating evidence. *See Brown v. State*, No. 02-10-00305-CR, 2011 WL 2119678, at *1 (Tex. App.—Fort Worth May 26, 2011, no pet. h.) (mem. op., not designated for publication) (holding Brown's plea of "true" to allegation that he failed to complete substance abuse counseling sufficient to support revocation despite explanation that two serious back injuries and two jobs conflicted with counseling); *Johnson v. State*, Nos. 11-09-00237-CR, 11-09-00238-CR, 2010 WL 3504853, at *2 (Tex. App.—Eastland Sept. 9, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that Johnson's plea of true to marihuana use supported trial court's revocation even

7

though Johnson presented evidence that he had a drug problem and would benefit from treatment).

Further, the trial court gave Appellant the opportunity to offer mitigating evidence,[6] and Appellant does not argue that the trial court failed to consider such evidence.[7] Additionally, the trial court's imposition of a fifteen-year sentence was well within—indeed toward the lower end of—the applicable punishment range for the first-degree aggravated robberies to which Appellant pleaded guilty.[8] *See* Tex. Penal Code Ann. § 12.32 (West 2011) (the punishment range for a first-degree felony is five to ninety-nine years); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that punishment imposed within statutory limits is generally not subject to excessiveness challenge).

---

[6]*See Euler v. State*, 158 S.W.3d 75, 76–78 (Tex. App.—Houston [14th Dist.] 2005) (holding that when a trial court revokes community supervision, defendant is entitled to present mitigating evidence during the proceedings) (citing *Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999)), *aff'd*, 218 S.W.3d 88 (Tex. Crim. App. 2007).

[7]*See Buerger v. State*, 60 S.W.3d 358, 363–64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence.").

[8]*See McClain v. State*, No. 04-05-00941-CR, 2006 WL 1539638, at *1–2 (Tex. App.—San Antonio 2006, no pet.) (mem. op., not designated for publication) (construing argument that the trial court erred in imposing a jail term rather than continuing community supervision as an argument that the sentence was unreasonable or excessive).

For the above reasons, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and sentencing him to fifteen years' confinement. *See Hawkins v. State*, 112 S.W.3d 340, 344–45 (Tex. App.—Corpus Christi 2003, no pet.) (holding that trial court did not abuse its discretion by sending Hawkins to prison instead of SAFPF, because revocations were based on evidence and sentences were within permissible range); *see also Mathis v. State*, No. 04-09-00075-CR, 2009 WL 3320270, at *2 (Tex. App.—San Antonio Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (holding that trial court's sentence fell within the statutory limits and therefore "the court complied with its only sentencing restriction, and revoking defendant's probation instead of sending her to in-patient drug treatment did not amount to an abuse of discretion"). Appellant's sole point is overruled.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm both of the trial court's judgments.

ANNE GARDNER<br>
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 14, 2011