02-10-050&051-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NOS.  02-10-00050-CR

           02-10-00051-CR

 

 


 
 
 Anthony Michael Hodge
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

            Appellant
Anthony Michael Hodge appeals the trial court’s orders revoking his
deferred-adjudication community supervision in two aggravated robbery cases and
the corresponding judgments adjudicating his guilt.  In one point, he alleges
that the trial court abused its discretion by sentencing him to fifteen years’
confinement instead of reinstating his community supervision and placing him in
a drug treatment rehabilitation center.  We affirm.

II. 
Procedural and Factual History

On
October 5, 2009, Appellant pleaded guilty pursuant to a plea bargain agreement
to two charges of aggravated robbery with a deadly weapon,[2]
and the trial court placed him on deferred adjudication community supervision
for five years in each case.  On November 23, 2009, the State filed a petition
to proceed to adjudication in each case, alleging that Appellant had violated
the terms and conditions of his community supervision six times within five
weeks of being placed on community supervision.   The State alleged that
Appellant illegally used a controlled substance, failed to submit a urine
sample, failed to permit his probation officer to visit during a scheduled home
visit, and committed three new misdemeanor offenses.  At a hearing on the
State’s motion, Appellant pleaded “true” to all six allegations.  The State
rested on Appellant’s pleas of true.

Appellant
testified and admitted testing positive for methamphetamine three weeks after
being placed on community supervision and failing to submit to a urine sample
less than two weeks later because he did not want “another dirty UA.”[3] 
Appellant explained that he had a “major problem” with drugs and alcohol and
that,

Before I moved up here and met my girlfriend I was living
in Corpus Christi and had a steady job.  My landlord was a bounty hunter.  We
did a lot of fishing and hanging out and stuff, so I didn’t really get in any
trouble down there in Corpus Christi.  And upon completing [drug treatment] or
whatever we can work out, . . . living situations and a job and everything like
that is still available for me down there.

 

And I believe if I moved around from where I’m at[,] the
want to do drugs or alcohol would be far less because I’m hanging out with
older guys down there.  I’m hanging out with people who have careers and stable
lifestyles instead of down here where I’m hanging out with younger people. 

 

Appellant
asked the trial court to continue his community supervision and place him in a
drug treatment facility rather than send him to prison.[4] 
In each case, the trial court entered findings of “true” to all but the
new-offense allegations, adjudicated Appellant’s guilt, and sentenced him to
fifteen years in prison.

III. 
Discussion

In
his sole point, Appellant asserts that the trial court abused its discretion by
failing to reinstate his community supervision and place him in a drug
treatment rehabilitation center.  Appellant does not dispute that his pleas of
true are sufficient to support the trial court’s ruling; instead, he argues that
the evidence at the revocation hearing “clearly indicated that [he] needed drug
treatment,” that the trial court was “required” to grant it, and that the trial
court’s failure to do so constituted an abuse of discretion.

A. 
Applicable Law 

          Appellate
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion.  Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Miles v. State, Nos.
02-09-00368-CR, 02-09-00369-CR, 2011 WL 2436769, at *3 (Tex. App.—Fort Worth June
16, 2011, no pet. h.); Cherry v. State, 215 S.W.3d 917, 919 (Tex.
App.—Fort Worth 2007, pet. ref’d).  When there is sufficient evidence to
support a finding that the defendant violated a condition of his community
supervision, the trial court does not abuse its discretion by revoking the
supervision.  See Cardona v. State, 665 S.W.2d 492, 493–94 (Tex. Crim.
App. 1984); Wade v. State, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana
2002, no pet.).  A finding of a single violation of community supervision is
sufficient to support revocation.  Leach v. State, 170 S.W.3d 669, 672
(Tex. App.—Fort Worth 2005, pet. ref’d).  A defendant’s plea of “true” to even
one allegation in the State’s motion to revoke is sufficient to support the
trial court’s decision to adjudicate Appellant’s guilt.  Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); see Ramos v. State,
No. 02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009,
pet. struck) (mem. op., not designated for publication).  Once sufficient
evidence is presented of a violation of a community-supervision condition, the
trial court has broad discretion in choosing whether to continue, modify, or
revoke the community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, '' 5,
22, 23 (West Supp. 2010); Flournoy v. State, 589 S.W.2d 705, 708 (Tex.
Crim. App. [Panel Op.] 1979); Hays v. State, 933 S.W.2d 659, 661 (Tex.
App.—San Antonio 1996, no pet.).  Where deferred community supervision is
revoked, the trial court may generally impose any punishment authorized by
statute within the statutory range.  See Von Schounmacher v. State, 5
S.W.3d 221, 223 (Tex. Crim. App. 1999).

B. 
Analysis

While
acknowledging that a trial court’s revocation order is reviewed for an abuse of
discretion, Appellant argues—based on language in Smith v. State—that
the trial court is “‘not accorded absolute discretion in the decision to revoke
probation.’” See 932 S.W.2d 279, 281 (Tex. App.—Texarkana 1996, no
pet.).  Appellant maintains that, because the trial court could have continued
or modified his community supervision and placed him in SAFPF under article
42.12, section 22(a)(4) of the code of criminal procedure, the trial court
abused its discretion by failing to grant his request for drug treatment.[5] 
See Tex. Code Crim. Proc. Ann. art. 42.12, '
22(a)(4).  Appellant’s cited authorities do not support his argument.

Appellant’s
citation to Smith is misleading as he omits the remaining explanatory
language that “the court is not authorized to revoke without a showing that the
probationer has violated a condition of his probation imposed by the court.”  932
S.W.2d at 281.  Indeed, the language in Smith (and similar case law) is “better
reflected by the proposition that the trial court does not have discretion to
terminate probation without an affirmative finding, supported by sufficient
evidence, of a violation of a condition of probation.”  Hays, 933 S.W.2d
at 661 (discussing two cases with language similar to Smith).  Moreover,
Appellant fails to provide authority for the proposition that article 42.12,
section 22(a) limits the trial court’s discretion.  See Marriott v.
State, No. 07-02-00203-CR, 2003 WL 22004084, at *1–3 (Tex.
App.—Amarillo Aug. 25, 2003, pet. ref’d) (mem. op., not designated for
publication).  In Marriott, the defendant argued that the trial court
abused its discretion by revoking her community supervision rather than modifying
it to require intensive substance abuse counseling.  Id. at *1.  While
acknowledging article 42.12, section 22(a)(4), the court of appeals noted:

Appellant cites Ice
v. State, 914 S.W.2d 694 (Tex. App.—Fort Worth 1996, no pet.), in which the
defendant appealed the trial court’s judgment requiring him to participate in
an SAFPF.  While Ice may stand for the proposition that a defendant’s
desire not to participate in an SAFPF does not preclude its imposition as a
condition of community supervision, it does not support a contention that the
court must honor a defendant’s expressed desire to participate in such a
program.

Id. at
*2; see Seale v. State, 721 S.W.2d 590, 592 (Tex. App.—Fort Worth 1986,
no pet.) (“Appellant lists no authority to support his contention that the
trial court had an obligation to impose a sentence other than a jail sentence
upon the violation of the terms of probation.”).

Here,
Appellant pleaded “true” to all six alleged violations and admitted during
testimony that he violated three community-supervision conditions.  Thus, the
evidence is sufficient to support the trial court’s revocation orders
notwithstanding Appellant’s offer of mitigating evidence.  See Brown v.
State, No. 02-10-00305-CR, 2011 WL 2119678, at *1 (Tex. App.—Fort Worth May
26, 2011, no pet. h.) (mem. op., not designated for publication) (holding
Brown’s plea of “true” to allegation that he failed to complete substance abuse
counseling sufficient to support revocation despite explanation that two
serious back injuries and two jobs conflicted with counseling); Johnson v.
State, Nos. 11-09-00237-CR, 11-09-00238-CR, 2010 WL 3504853, at *2 (Tex.
App.—Eastland Sept. 9, 2010, pet. ref’d) (mem. op., not designated for
publication) (holding that Johnson’s plea of true to marihuana use supported
trial court’s revocation even though Johnson presented evidence that he had a
drug problem and would benefit from treatment).

Further,
the trial court gave Appellant the opportunity to offer mitigating evidence,[6]
and Appellant does not argue that the trial court failed to consider such
evidence.[7]  Additionally, the trial
court’s imposition of a fifteen-year sentence was well within—indeed toward the
lower end of—the applicable punishment range for the first-degree aggravated
robberies to which Appellant pleaded guilty.[8]  See Tex. Penal
Code Ann. ' 12.32 (West 2011) (the punishment range
for a first-degree felony is five to ninety-nine years); Kim v. State,
283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (holding that punishment
imposed within statutory limits is generally not subject to excessiveness
challenge).

For
the above reasons, we hold that the trial court did not abuse its discretion by
revoking Appellant’s community supervision and sentencing him to fifteen years’
confinement.  See Hawkins v. State, 112 S.W.3d 340, 344–45 (Tex.
App.—Corpus Christi 2003, no pet.) (holding that trial court did not abuse its
discretion by sending Hawkins to prison instead of SAFPF, because revocations
were based on evidence and sentences were within permissible range); see
also Mathis v. State, No. 04-09-00075-CR, 2009 WL 3320270, at *2
(Tex. App.—San Antonio Oct. 14, 2009, no pet.) (mem. op., not designated for
publication) (holding that trial court’s sentence fell within the statutory
limits and therefore “the court complied with its only sentencing restriction,
and revoking defendant’s probation instead of sending her to in-patient drug
treatment did not amount to an abuse of discretion”).  Appellant’s sole point
is overruled.

IV.  Conclusion

Having
overruled Appellant’s sole point, we affirm both of the trial court’s
judgments.

 

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 14, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. §
29.03(a)(2) (West 2011).





[3]Although Appellant pleaded
“true” at the revocation hearing to committing theft under $500 and assaulting
and threatening violence against his girlfriend’s sister, he testified that he
did not “technically” commit these offenses.  The trial court did not find the
State’s new-offense allegations to be true.





[4]Appellant specifically
asked the trial court to place him in a substance abuse felony punishment facility
(SAFPF).





[5]In relevant part, section
22 provides, 

If after a hearing under Section 21 of this article, a
judge continues or modifies community supervision after determining that the
defendant violated a condition of community supervision, the judge may impose
any other conditions the judge determines are appropriate, including . . . the
placement of the defendant in a substance abuse felony punishment program . . .
if . . . drug or alcohol abuse significantly contributed to the commission of
the crime or violation of community supervision; and . . . the defendant is a
suitable candidate for treatment . . . .

See Tex. Code Crim.
Proc. Ann. art. 42.12, '
22(a)(4)(B)(i)-(ii).





[6]See Euler v. State,
158 S.W.3d 75, 76–78 (Tex. App.—Houston [14th Dist.] 2005) (holding that when a
trial court revokes community supervision, defendant is entitled to present
mitigating evidence during the proceedings) (citing Pearson v. State,
994 S.W.2d 176, 178 (Tex. Crim. App. 1999)), aff’d, 218 S.W.3d 88 (Tex.
Crim. App. 2007).





[7]See Buerger v. State,
60 S.W.3d 358, 363–64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (“The
Constitutional mandate of due process requires a neutral and detached judicial
officer who will consider the full range of punishment and mitigating
evidence.”).





[8]See McClain v. State, No. 04-05-00941-CR,
2006 WL 1539638, at *1–2 (Tex. App.—San Antonio 2006, no pet.) (mem. op., not
designated for publication) (construing argument that the trial court erred in imposing
a jail term rather than continuing community supervision as an argument that
the sentence was unreasonable or excessive).